﻿Citation Nr: AXXXXXXXX
Decision Date: 02/25/19 Archive Date: 02/25/19

DOCKET NO. 180810-226
DATE: February 25, 2019

ORDER

Entitlement to a compensable evaluation of residuals, status-post fracture of 5th metatarsal, right foot is granted.

FINDING OF FACT

The Veteran's right foot disorder is characterized by painful weight bearing on walking.

CONCLUSION OF LAW

With resolution of reasonable doubt in the Veteran’s favor, the criteria for a 10 percent rating, but no more, for a right foot disability have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.59, 4.71a, Diagnostic Codes 5279, 5284 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Army from January 1978 to January 1981 and from May 1989 to May 1990. 

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the March 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and the 90-day period for submission of additional evidence has passed.

Entitlement to a compensable evaluation of residuals, status-post fracture of 5th metatarsal, right foot

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4 (2017). Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1 (2018). 

Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the veteran working or seeking work. 38 C.F.R. § 4.2 (2018). Where there is a question as to which of two disability ratings shall be applied, the higher rating is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7. When, after careful consideration of the evidence, a reasonable doubt arises regarding the degree of disability, such doubt will be resolved in favor of the claimant. 38 C.F.R. § 4.3.

The Veteran’s service-connected residuals, status-post fracture of 5th metatarsal, right foot is currently rated under Diagnostic Code 5284. Diagnostic Code 5284 provides a 10 percent rating for impairment of moderate degree, a 20 percent rating for moderately severe impairment, and a 30 percent rating for severe impairment. 38 C.F.R. § 4.71a.

Where a Veteran has a noncompensable rating for a musculoskeletal disability and complains of pain on motion, he is entitled to at least the minimum compensable rating for the joint. 38 C.F.R. § 4.59; Burton v. Shinseki, 25 Vet. App. 1 (2011). The provisions of 38 C.F.R. § 4.59, which relate to painful motion, are not limited to arthritis and must be considered when raised by the claimant or when reasonably raised by the record. Id. Additionally, the United States Court of Appeals for Veterans Claims (the Court) held that the plain language of § 4.59 indicates that the regulation is not limited to the evaluation of musculoskeletal disabilities under DCs predicated on range of motion measurements. Southall-Norman v. McDonald, 28 Vet. App. 346 (2016). The Court held that § 4.59 is applicable to the evaluation of musculoskeletal disabilities involving actually painful, unstable, or malaligned joints or periarticular regions, regardless of whether the Diagnostic Code under which the disability is being evaluated is predicated on range of motion measurements. Id. 

On VA examination in February 2018, the Veteran reported dull pain with walking one to two blocks. There was no stiffness, no swelling, no heat, no redness, no fatigability and no lack of endurance. There was no pain on side-to-side compression of the heels nor direct plantar palpation of the heels bilaterally, no tenderness on palpation of the bilateral arches. There was mild tenderness upon direct palpation of the base of fifth right metatarsal and cuboid area. The base of the fifth right metatarsal was slightly more enlarged than his left foot. He did not need to use crutches, braces, cane or corrective shoes. Range of motion of the subtalar joint is within normal limits, symmetrical and pain-free. Range of motion of the bilateral first metatarsophalangeal joints was approximately 50 degrees dorsiflexion, 10 degrees plantarflexion which was pain-free throughout range of motion, there was no crepitation and the joints are not track bound. Digits 1 through 5 bilaterally were in a rectus alignment. There were no bunions, no hammertoes, no cavus foot deformity and no flatfoot deformity bilaterally. There was no functional loss, instability, or loss of range of motion. The Veteran had a normal propulsive heel-to-toe gait pattern. The examiner noted no flare ups that impact the function of the foot and no functional loss or impairment due to his disability. Clinical findings showed mild foot pain. 

The Veteran submitted a June 2018 disability benefits questionnaire (DBQ) by a private examiner. The examiner found that the Veteran's right foot disorder had swelling on use and caused pain on weight-bearing, disturbance of locomotion, and interference with standing. The examiner also noted that the Veteran had metatarsalgia of the right fifth metatarsal and characterized the Veteran's right foot disability as “moderately severe” and stated that it chronically compromised weight-bearing. 

Given the foregoing, a 10 percent rating is warranted for the Veteran’s right foot disorder. Where a Veteran has a noncompensable rating for a musculoskeletal disability and complains of pain on motion, he or she is entitled to at least the minimum compensable rating for the joint. 38 C.F.R. § 4.59; Burton v. Shinseki, 25 Vet. App. 1 (2011). The Court has held that § 4.59 is applicable to the evaluation of musculoskeletal disabilities that are painful, regardless of whether the diagnostic code under which the disability is being evaluated is predicated on range of motion measurements. Southall-Norman v. McDonald, 28 Vet. App. 346 (2016). In this case, the evidence shows that the Veteran reported that his right foot disability has been manifested by pain throughout the appeal period. Consequently, the Board finds that a 10 percent rating is warranted for the Veteran’s right foot disability. 

Although the examiner characterized the Veteran's severity as “moderately severe,” The Board notes that there are no objective findings of a right foot disorder that show a moderately severe disorder. The Veteran's VA treatment records show no complaints of foot pain and the x-rays only show an old healed fracture on the base on the fifth metatarsal and ruled out degenerative joint disease. The DBQ showed a diagnosis of metatarsalgia. Under Diagnostic Code 5279, a maximum10 percent rating is warranted for both unilateral and bilateral anterior metatarsalgia (Morton’s disease). 

Based on this information and with resolution of the doubt in favor of the Veteran, the Board finds that a 10 percent rating is warranted for the Veteran’s right foot disability. 

 

MICHAEL D. LYON

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Shana Z. Siesser, Counsel